JULIA HARUMI MASS, SBN 189649
MICHAEL T. RISHER, SBN 191627
WILLIAM S. FREEMAN, SBN 82002
NOVELLA Y. COLEMAN, SBN 281632
CHRISTINE P. SUN, SBN 218701
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: jmass@aclunc.org

Attorneys For Plaintiffs
Hadil Al-Mowafak, Wasim Ghaleb And
John Doe, On Behalf Of Themselves And
Others Similarly Situated; ACLU Of
Northern California; Jewish Family &
Community Services East Bay

KEKER & VAN NEST LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@kvn.com
JAY RAPAPORT - # 281964
jrapaport@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys For Plaintiffs
Hadil Al-Mowafak, Wasim Ghaleb And John
Doe, On Behalf Of Themselves And Others
Similarly Situated; ACLU Of Northern
California; Jewish Family & Community Services
East Bay

**SEE NEXT PAGE FOR ADDITIONAL COUNSEL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Hadil Al-Mowafak, Wasim Ghaleb and John Doe, on behalf of themselves and others similarly situated; ACLU of Northern California; Jewish Family & Community Services East Bay,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Donald Trump, President of the United States; U.S. Department of State; U.S. Department of Homeland Security; U.S. Customs and Border Protection; Rex W. Tillerson, Secretary of State; John Kelly, Secretary of U.S. Department of Homeland Security; Kevin McAleenan, Acting Commissioner of U.S. Customs and Border Patrol; Carrie Azurin, Field Director, San Francisco Field Office of U.S. Customs and Border Patrol,<br><br>                    Defendants. | Case No. 3:17-cv-00557<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>Date Filed:  February 2, 2017<br><br>Trial Date: |

AHILAN T. ARULANANTHAM, SBN 237841
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297
Email: aarulanantham@aclu-sc.org

BARDIS VAKILI, SBN 247783
DAVID LOY, SBN 229235
ACLU FOUNDATION OF SAN DIEGO
AND IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 232-2121
Facsimile: (619) 232-0036
Email: bvakili@aclusandiego.org

ANDRE SEGURA, SBN 247681
OMAR C. JADWAT*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS
PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654
Email: asegura@aclu.org

CECILLIA D. WANG, SBN 187782
JENNIFER CHANG NEWELL, SBN 233033
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS
PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0770
Facsimile: (212) 395-0950
Email: cwang@aclu.org

*Pro Hac Vice Forthcoming

1144665.01

## I.      INTRODUCTION

Plaintiffs move under Civil Local Rule 7-11 for leave to allow Plaintiff John Doe ("Doe") to proceed in this litigation under a fictitious name.  The Court should allow Doe to proceed under a pseudonym because he belongs to a group—non-citizen Muslims—whose members risk loss of economic opportunities, deportation, and harassment.  *See Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070-73 (9th Cir. 2000) (permitting plaintiffs working in U.S. territory lawfully, but nonetheless at risk of deportation, to proceed anonymously).

## II.     FACTUAL BACKGROUND

On January 27, 2017, Defendant Donald J. Trump signed an Executive Order entitled "Protecting the Nation from Foreign Terrorist Entry into the United States."  Compl. ¶ 22. Among other things, the Executive Order bars admission to the United States of aliens from seven predominantly Muslim countries: Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen.  *Id.* ¶¶ 25, 29.  On the same day, the Deputy Assistant Secretary for Visa Services at the Bureau of Consular Affairs of the Department of State, relying in part on the Executive Order, issued a letter purporting to provisionally revoke all valid immigrant and nonimmigrant visas of nationals of those seven countries.  *Id.* ¶ 27.  As alleged in the complaint, numerous statements made by Defendant Trump, his campaign, and his advisors, and statements made in the documents themselves, collectively convey the intention to execute a "Muslim ban" in the United States.  *Id.* ¶¶ 30-42.[1]

John Doe is an Iranian national who holds a valid student visa and is a Ph.D candidate at the University of California, Berkeley.  Doe Decl. ¶ 3.  Doe has a pending application for Optional Practical Training, which would allow him to extend his stay in the United States, as well as a job offer from a Fortune 50 Silicon Valley company.  *Id.* ¶ 4.  Doe fears retaliation should his participation in this lawsuit become public.  *Id.* ¶¶ 6-8.

---

[1] In addition to Defendant Trump, the other Defendants in this action are the U.S. Department of State; U.S. Department of Homeland Security; U.S. Customs and Border Protection; Rex W. Tillerson, Secretary of State; John Kelly, Secretary of U.S. Department of Homeland Security; Kevin McAleenan, Acting Commissioner of U.S. Customs and Border Patrol; Carrie Azurin, Field Director, San Francisco Field Office of U.S. Customs and Border Patrol, (collectively, "Defendants").

1   III.   **ARGUMENT**

2           Although Federal Rule of Civil Procedure 10(a) requires that the title of a complaint

3   "name all the parties," the Ninth Circuit has held "that a party may preserve his or her anonymity

4   in judicial proceedings in special circumstances when the party's need for anonymity outweighs

5   prejudice to the opposing party and the public's interest in knowing the party's identity."

6   *Advanced Textile*, 214 F.3d at 1068.  These circumstances include when identification creates a

7   risk of retaliatory physical, mental, or economic harm.  *Id.* at 1068, 1070.

8           In determining whether to allow a party to proceed anonymously, "a district court must

9   balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the

10  anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the

11  prejudice to the opposing party, and (5) the public interest."  *Doe v. Kamehameha Sch./Bernice*

12  *Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile*, 214 F.3d

13  at 1068).  All five factors favor allowing Doe to proceed anonymously here.

14          A.     **The public interest favors allowing Doe to proceed anonymously.**

15          Because "the public interest sets the stage" for a motion for leave to proceed

16  anonymously, it is appropriate to begin there.  *Kamehameha Sch.*, 596 F.3d at 1042.  "Action that

17  may chill a party's willingness to litigate constitutional issues and violations of statutes is

18  generally considered against public policy."  *See A.B.T. v. United States Citizenship &*

19  *Immigration Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. Jul. 20,

20  2012).  Doe fears retaliation should his participation in the lawsuit become known.  Doe Decl.

21  ¶ 6.  Forcing him "to disclose [his] identity would likely chill [his] willingness to challenge

22  statutory and constitutional violations."  *A.B.T.*, 2012 WL 2995064, at *6.  Permitting the use of a

23  pseudonym thus serves the public's "interest in seeing this case decided on the merits."

24  *Advanced Textile*, 214 F.3d at 1073.

25          Conversely, the public interest in open proceedings will not be impaired if Doe proceeds

26  anonymously.  Plaintiffs challenge actions that apply across the board to non-citizen Muslims;

27  there is no reason to think that Doe's individual circumstances will affect the resolution of this

28

1144665.01

matter.  For that reason, the use of a pseudonym will not "obstruct public scrutiny of the important issues in this case."  *Id.* at 1072.

### B.   Doe reasonably fears that he will suffer severe harm if forced to disclose his identity.

Absent leave to proceed anonymously, Doe believes that he faces the risk of reprisal, including the loss of work opportunities and his visa status.  Doe Decl. ¶¶ 6-8.  The Ninth Circuit and other courts recognize these dangers as "extraordinary."  *Advanced Textile*, 214 F.3d at 1071; *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004); *Hispanic Interest Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012).  And in this case, Doe's fears are well-grounded.

Doe personally knows Muslim students and Iranian nationals who have experienced significant and unexplained delays in the processing of immigration benefits.  Doe Decl. ¶ 7.  Moreover, certain officers acting at the direction of Defendants reportedly have exerted undue pressure on those who are subject to the Executive Order—including pressuring individuals to waive their rights to reside in the United States and forcibly removing them before courts could rule on their challenges to the Order.[2]

Doe also faces threats of harassment and intimidation that justify shielding his identity.  *Hispanic Interest Coal. of Ala.*, 691 F.3d at 1247.  Leading up to and continuing after the 2016 election, the nation experienced a disturbing increase in anti-Muslim harassment and violence, including at California universities.[3]  Doe should not have to face such risks if he does not wish to.

---

[2] *See* Oliver Laughland and Joanna Walters, *Immigration officials coerced Yemenis to sign away green cards, suit claims*, The Guardian, Jan. 30, 2017, available at https://www.theguardian.com/us-news/2017/jan/30/trump-travel-ban-yemenis-coerced-relinquish-green-card (last visited February 2, 2017); Matt Zapotosky, *Federal judge orders U.S. to return Iranian who was deported under new order*, Washington Post, Jan. 29, 2017, available at https://www.washingtonpost.com/news/post-politics/wp/2017/01/29/banorder/?utm_term=.00ea8aee3144 (last visited February 2, 2017).

[3] Sarah Ravani, *Islamic Center of Davis vandalized; incident probed as hate crime*, San Francisco Chronicle, Jan. 24, 2017, available at http://www.sfgate.com/bayarea/article/Vandalized-mosque-leaves-Davis-resident-in-10881175.php (last visited February 2, 2017); Chris Nguyen, *Muslim student attacked for wearing hijab in Stanford Athletics ad*, ABC7 News, Sept. 13, 2016, available at http://abc7news.com/news/muslim-student-attacked-for-hijab-in-stanford-athletics-ad/1510536/ (last visited February 2, 2017).

1144665.01

### C.    Doe is vulnerable to retaliation.

Doe's vulnerability to the harms discussed above is plain.  On its face, the Provisional Revocation Letter revokes Doe's visa, rendering him vulnerable to removal.  *See Advanced Textile*, 214 F.3d at 1072.  Further, as noted above, certain Defendants allegedly have disregarded the judicial process in other challenges to the Executive Order and removed individuals even while courts are in the process of considering their requests for temporary relief.  And, of course, publicly naming himself in a legal challenge to Defendants' actions makes Doe a likelier target for anti-Muslim harassment.

### D.    Defendants will not be prejudiced if Doe proceeds anonymously.

Defendants do not need to know Doe's identity to resolve the issues in this case, especially at this early stage of the litigation.  As noted above, this case involves constitutional and statutory violations that apply broadly to non-citizen Muslims.  If Defendants later have a valid need for discovery that requires disclosure of Doe's identity—a purely hypothetical scenario for now—the parties can meet and confer on an appropriate protective order at that time.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Doe leave to proceed anonymously in this action.


Dated:  February 2, 2017                              KEKER & VAN NEST LLP


                                               By:   /s/ *Jay Rapaport*
                                                     R. ADAM LAURIDSEN
                                                     JAY RAPAPORT

                                                     Attorneys For Plaintiffs
                                                     Hadil Al-Mowafak, Wasim Ghaleb And
                                                     John Doe, On Behalf Of Themselves And
                                                     Others Similarly Situated; ACLU Of
                                                     Northern California; Jewish Family &
                                                     Community Services East Bay

1144665.01